IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
- WICHITA FALLS DIVISION -

| | |
|---|---|
| **CORNELIUS CAMPBELL BURGESS**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL DEPOSIT INSURANCE CORPORATION, et al.**, <br><br> Defendants. | **CIVIL NO. 7:22-cv-00100-O** <br><br> The Honorable Reed O'Connor, <br> United States District Judge |

### DEFENDANTS' INTERIM RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND A TEMPORARY ADMINISTRATIVE STAY

Defendants Federal Deposit Insurance Corporation, Martin J. Gruenberg, Michael J. Hsu, Rohit Chopra, and Jennifer Whang, have received copies of plaintiff Cornelius Campbell Burgess' Motion for Preliminary Injunction and a Temporary Administrative Stay along with plaintiff's memorandum in support (Dkt. 15). Defendants intend to submit a comprehensive opposition to plaintiff's motion in accordance with the briefing schedule established in the Court's October 12, 2022 Order (Dkt. 11). Defendants submit this interim response to oppose plaintiff's request for a "temporary administrative stay," or that part of his motion urging the Court to enter the functional equivalent of a temporary restraining order before the FDIC responds to the motion. Defendants will demonstrate in their forthcoming opposition that plaintiff's motion should be denied. Plaintiff's request for an administrative stay should be denied for the same reasons, including the following:

1.      District courts must determine whether subject matter jurisdiction exists before entering a preliminary injunction or temporary restraining order.  A party seeking a preliminary injunction bears the burden of establishing, among other elements, that he has a substantial likelihood of prevailing on the merits.  But the movant necessarily cannot make that showing—he has zero chance of prevailing—if the Court lacks subject matter jurisdiction over the controversy. *See Anderson v. Oakley*, 77 F.3d 475 (5th Cir. 1995) (per curiam); *Nianga v. Wolfe*, 435 F. Supp. 3d 739, 743 (N.D. Tex. 2020) ("A party seeking a TRO cannot establish a 'substantial likelihood of success on the merits' of his claim if the court concludes that it lacks jurisdiction to adjudicate the claim altogether."); *Barbosa v. Barr*, 502 F. Supp. 3d 1115, 1119 (N.D. Tex. 2020). Defendants will show that subject matter jurisdiction is lacking for two reasons.

**A.**  *First*, the Complaint seeks to prevent the FDIC from continuing its Enforcement action against Burgess, Dkt. 1., Complaint ("Cmplt.") ¶ 1, and plaintiff has requested a preliminary injunction preventing the FDIC Board of Directors from issuing a final decision in the matter. Congress, when it enacted 12 U.S.C. § 1818, ***explicitly*** divested district courts of subject matter jurisdiction to "affect by injunction or otherwise the issuance or enforcement of any [FDIC Enforcement] notice or order . . ., or to review, modify, suspend, terminate, or set aside any such notice or order." 12 U.S.C. § 1818(i)(1).  Section 1818(i)(1) is unambiguous.  As the Fifth Circuit explained in *Cochran v. U.S. Sec. & Exch. Comm'n*, 20 F.4th 194, 204 (5th Cir. 2021) (en banc), *cert. granted*, 142 S. Ct. 2707 (2022), the FDIC's statutory-review scheme includes "an explicit statutory bar on any court enjoining 'the issuance or enforcement of any ... [FDIC] order.'" (quoting *Bank of Louisiana v. FDIC*, 919 F.3d 916, 920 (5th Cir. 2019) (in turn quoting Section 1818(i)(1)).  By operation of Section 1818(i)(1), "district court jurisdiction [is] ***explicitly*** divested."

*Id.* at 204 (emphasis in original); *see id.* (citing *Bank of Louisiana*, 919 F.3d at 924 for the proposition that "the plain terms of section 1818(i) bar jurisdiction here").

*Cochran* relied upon and reaffirmed *Bank of Louisiana*, an attempt by the subject of an Enforcement proceeding to invoke district court jurisdiction by raising constitutional challenges to an FDIC Enforcement proceeding. In *Bank of Louisiana*, the Fifth Circuit affirmed the district court's dismissal of the case for lack of jurisdiction and stated:

> Both the Supreme Court and our court have held that the plain, preclusive language of § 1818(i) 'provides ... clear and convincing evidence that Congress intended to deny the District Court jurisdiction to review and enjoin administrative proceedings.' *Rhoades*, 196 F.3d at 597 (quoting *MCorp*, 502 U.S. at 44, 112 S. Ct. 459). We have added that this section 'evinces a clear intention that [the section 1818] regulatory process is not to be disturbed by untimely judicial intervention[.]' *DLG Fin. Corp.*, 29 F.3d at 999. And we have held that the section's specific prohibition against affecting agency orders 'by injunction or otherwise' encompasses declaratory relief, which is what the Bank seeks. *See Groos*, 573 F.2d at 895.

*Bank of Louisiana*, 919 F.3d at 924.

**B.** *Second*, even in the absence of Section 1818(i), the FDIC's Enforcement action against Burgess would not be subject to judicial review until the agency has rendered a final decision, or in the parlance of the Administrative Procedure Act ("APA"), a "final agency action." *See* 5 U.S.C. § 704. Judicial review of the FDIC's decisions in Enforcement matters is governed by the APA. *See*, *e.g.*, *Scott v. FDIC*, 684 F. App'x 391, 394 (5th Cir. 2017) (applying the APA's substantial evidence, abuse of discretion, and arbitrary and capricious standards to FDIC Enforcement decision); *Michael v. FDIC*, 687 F.3d 337, 348 (7th Cir. 2012) ("The Administrative Procedure Act, 5 U.S.C. § 706, governs our review [of FDIC Enforcement decision]."). An agency decision is "final" for APA purposes only if it "mark[s] the 'consummation' of the agency's decision making process" *and* it determines "'rights or obligations'" or produces "'legal consequences.'" *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (citation omitted). Here, the FDIC

Board has not yet begun to consider the Enforcement case against Burgess, and no rights or obligations have been affected. Thus, at this juncture, no court has jurisdiction to review the Burgess matter under the APA.

2. Finally, plaintiff's protracted delay in filing this lawsuit sharply undercuts his contention that he is substantially likely to suffer immediate irreparable harm if the Court does not issue an administrative stay. "Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) (internal citation omitted); *accord White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005) (affirming denial of injunctive relief where movant waited until the "eleventh hour" to seek relief); *see also* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed. 1995) ("A long delay by plaintiff after learning of the threatened harm may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction.").

Here, Burgess learned in 2014 that the FDIC had initiated an Enforcement proceeding against him. Dkt. 1., Complaint ("Cmplt.") ¶ 60. In 2016, an Administrative Law Judge ("ALJ") conducted a seven-day hearing in the matter. *Id.* ¶ 65. In January 2017, the ALJ issued a Recommended Decision adverse to Burgess and, in August 2017, the FDIC Board adopted it. *Id.* ¶¶ 66, 67. Several weeks later, Burgess appealed the Board's decision to the Fifth Circuit. *Id.* ¶ 68. In August 2018, the Fifth Circuit remanded the case to the FDIC Board for further proceedings in light of an intervening Supreme Court decision. *Id.* ¶ 72. In November 2019, the FDIC reassigned the Enforcement matter to a different ALJ. *Id.* ¶ 75. In January 2022, the ALJ conducted a three-day supplemental hearing. *Id.* ¶ 76. On September 16, 2022, the ALJ issued a

Recommended Decision. *Id.* ¶ 77. All told, Burgess had more than **eight years** to seek relief and, yet, he waited until October 6, 2022 to file this lawsuit. The possibility that the FDIC Board may act during the pendency of this lawsuit is not an emergency and, even if it were, it is one that Burgess caused through his temporizing. In short, Burgess' delay sharply undercuts any claim that he will face substantial irreparable injuries absent an administrative stay.

\* \* \* \* \*

In sum, defendants offer this interim response alerting the Court to several fundamental flaws in plaintiff's request for emergency injunctive relief that will be expounded upon in defendants' plenary opposition brief. Because plaintiff's grievances fall outside the subject matter jurisdiction of this Court, defendants respectfully request an opportunity to fully brief the issues, in accordance with the briefing schedule established by the Court, prior to the issuance of an administrative stay or other injunctive relief in this matter.

Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION
 Andrew J. Dober
 Senior Counsel

 /s/ *Andrew A. Nicely*
Andrew A. Nicely (Va. No. 41750)
Daniel Kurtenbach
3501 Fairfax Drive, D-7028
Arlington, VA 22226-3500
Tel.: (703) 516-5729
Fax: (703) 562-2477
Email: anicely@fdic.gov

*Counsel for Defendants*

Bryce C. Quine (Tex. No. 24032976)
Arthur E. Anthony (Tex. No. 24001661)
600 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone: (972) 761-8520
Alternate Tel.: (972) 761-2237
Email: bquine@fdic.gov
Email: aranthony@fdic.gov

DATED: October 15, 2022

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on October 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record registered to receive such notices.

                                                                   /s/ *Andrew A. Nicely*
                                                                   Andrew A. Nicely