**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **CORNELIUS CAMPBELL BURGESS,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No.  7:22-cv-00100-O** |
| **FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,** | § § § § | |
| **Defendants.** | § § | |

## ORDER AND PRELIMINARY INJUNCTION

On November 26, 2022, the Court issued a Notice to the Parties to inform them of its plan to advance the trial on the merits under Federal Rule 65(a)(2) and to invite any objections the Parties may have regarding that plan of action.[1] Having read Defendants' Objection[2] to the Court's Order, the Court hereby **DECLINES** to advance the trial on the merits under Federal Rule 65(a)(2).

Further, in response to the Court's prior Order[3] granting Plaintiff's Motion for Preliminary Injunction, Defendants filed a Motion for Reconsideration.[4] Having read the Parties' briefing regarding Defendants' Motion for Reconsideration,[5] as well as the relevant caselaw, the Court finds that Defendants' Motion for Reconsideration should be, and is, hereby **DENIED**.

Therefore, the Court's finding in its prior November 6, 2022 Order stands – Plaintiff has satisfied the requirements and is entitled to a preliminary injunction as to his claim under the

---

[1] Order, ECF No. 41.
[2] Objection, ECF No. 46.
[3] Order, ECF No. 31.
[4] Motion for Reconsideration, ECF No. 34.
[5] *See* Pl. Resp., ECF No. 37; Defs. Reply, ECF No. 38; Pl. Sur-Reply, ECF No. 39-1.

Seventh Amendment.[6] In the November 6 Order, the Court ordered the Parties to brief the appropriate scope of relief.[7] Both parties filed briefing as to the scope of the injunction.[8] Having read the briefing and the pertinent caselaw, the issue is ripe for decision.

Plaintiff requests the following injunction from the Court:

Pending further order of this Court, Defendants are hereby enjoined from taking any further action in the administrative enforcement proceeding styled *In re Cornelius Campbell Burgess et al.* (Nos. FDIC-14-0307e, FDIC 140-0308k) (the "Enforcement Proceeding"). Absent future authorization from this Court, the Defendants are enjoined from:
- entering any Final Decision in the Enforcement Proceeding, pursuant to 12 U.S.C. § 1818 or 12 C.F.R. § 308.40(c);
- acting on any motions or requests filed by the parties to the Enforcement Proceeding, including but not limited to motions filed under 12 C.F.R. § 308.23(c), such as the FDIC's recent motion seeking leave to file a response to the Exceptions that Burgess has filed in the Enforcement Proceeding;
- transmitting the record of the Enforcement Proceeding to the FDIC's Board of Directors, pursuant to 12 C.F.R. § 308.40(a); or
- otherwise continuing the Enforcement Proceeding in any way.

Pending further order of this Court, Defendants are also enjoined from taking any other action against Burgess that relies in any way on the record in the Enforcement Proceeding, including but not limited to evidence adduced or determinations, rulings, or recommendations rendered as part of that proceeding.[9]

Defendants contend that Plaintiff's proposed injunction is overbroad and vague, and that the injunction should be narrowly tailored to enjoining Defendants from "entering any Final Decision in the Enforcement Proceeding, pursuant to 12 U.S.C. § 1818 or 12 C.F.R. § 308.40(c)."[10] Defendants contend the injunction should be limited to enjoining the FDIC Board from rendering a final decision in solely these legal claims imposing civil monetary penalties against Plaintiff as

---

[6] *See* Order 24, ECF No. 31.
[7] *Id.*
[8] *See* Pl. Brief, ECF No. 32; Defs. Resp. and Obj., ECF No. 33; Pl. Resp., ECF No. 37; Defs. Reply, ECF No. 38; Pl. Sur-Reply, ECF No. 39-1.
[9] Pl. Brief 3–4, ECF No. 32.
[10] Defs. Resp. and Obj. 11–13, ECF No. 33.

the Court found that the Seventh Amendment right to a jury trial applied only to those claims for civil monetary penalties.[11]

The Fifth Circuit has said that a preliminary injunction is impermissibly overbroad if it is not "narrowly tailored to remedy the specific action which gives rise to the order" as determined by the substantive law at issue. *Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. 2016) (quoting *Doe v. Veneman*, 380 F.3d 807, 818 (5th Cir. 2004)). Thus, Defendants are correct that the injunction must be narrowly tailored to remedy the Seventh Amendment issue. However, the Fifth Circuit in *Jarkesy v. Securities and Exchange Commission* held that the Seventh Amendment applies to proceedings that involve a mix of equitable and legal claims, stating "the facts relevant to the legal claims should be adjudicated by a jury, even if those facts relate to equitable claims too." 34 F.4th 446, 455 (5th Cir. 2022) (citing *Ross v. Bernhard*, 396 U.S. 531, 537–38 (1970)). In this case, the FDIC's claims against Plaintiff depend on the same underlying facts. Therefore, in accordance with *Jarkesy*, Plaintiff is entitled to a jury trial as to the entire shared body of overlapping issues, rendering the whole Enforcement Proceeding unconstitutional.

As the entire Enforcement Proceeding is unconstitutional, the Court finds it must enjoin the entire Enforcement Proceeding. Therefore, the Court grants Plaintiff's requested injunctive relief.[12] The Court **ORDERS** as follows:

Pending further order involving this case, Defendants are hereby enjoined from taking any further action in the administrative enforcement proceeding styled *In re Cornelius Campbell Burgess et al.* (Nos. FDIC-14-0307e, FDIC 140-0308k) (the "Enforcement Proceeding"). Defendants are therefore enjoined from:

---

[11] *Id.*
[12] Pl. Brief 3–4, ECF No. 32.

- entering any Final Decision in the Enforcement Proceeding, pursuant to 12 U.S.C. § 1818 or 12 C.F.R. § 308.40(c);

- acting on any motions or requests filed by the parties to the Enforcement Proceeding, including but not limited to motions filed under 12 C.F.R. § 308.23(c), such as the FDIC's recent motion seeking leave to file a response to the Exceptions that Burgess has filed in the Enforcement Proceeding;

- transmitting the record of the Enforcement Proceeding to the FDIC's Board of Directors, pursuant to 12 C.F.R. § 308.40(a); or

- otherwise continuing the Enforcement Proceeding in any way.

Pending further order of this Court, Defendants are also enjoined from taking any other action against Burgess that relies in any way on the record in the Enforcement Proceeding, including but not limited to evidence adduced or determinations, rulings, or recommendations rendered as part of that proceeding.

Finally, Burgess shall post a security in the amount of $1,000 to pay any costs or damages that occur should this injunction prove to be wrong.

**SO ORDERED** on this **1st day** of **December, 2022**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**