# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### - WICHITA FALLS DIVISION -

| | |
|---|---|
| **CORNELIUS CAMPBELL BURGESS**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL DEPOSIT INSURANCE CORPORATION, et al.**, <br><br> Defendants. | **CIVIL NO. 7:22-cv-00100-O** <br><br> The Honorable Reed O'Connor, <br> United States District Judge |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

                                                                          FEDERAL DEPOSIT INSURANCE CORPORATION
                                                                          Andrew J. Dober
                                                                          Senior Counsel

                                                                        /s/ *Andrew A. Nicely*

| | |
|---|---|
| Bryce C. Quine (Tex. No. 24032976) <br> Arthur E. Anthony (Tex. No. 24001661) <br> 600 North Pearl Street, Suite 700 <br> Dallas, Texas 75201 <br> Telephone: (972) 761-8520 <br> Alternate Tel.: (972) 761-2237 <br> Email: bquine@fdic.gov <br> Email: aranthony@fdic.gov | Andrew A. Nicely (Va. No. 41750) <br> Daniel Kurtenbach <br> 3501 Fairfax Drive, D-7028 <br> Arlington, VA 22226-3500 <br> Tel.: (703) 516-5729 <br> Fax: (703) 562-2477 <br> Email: anicely@fdic.gov |

                                                                            *Counsel for Defendants*

DATED: January 13, 2023

Burgess' Motion for Reconsideration (Motion) contends that this Court erred in some of the findings it made in its November 6 Order (ECF No. 31) granting Burgess' Motion for Preliminary Injunction (ECF No. 15) (PI Motion), pursuant to which this Court entered its December 1 Order and Injunction (ECF No. 49) (December 1 Injunction), in which it enjoined the entire enforcement proceeding as requested by Burgess. But the November 6 Order and December 1 Injunction, including the findings contested by Burgess in his Motion for Reconsideration, are currently being considered by the Fifth Circuit on appeal. Accordingly, this Court lacks jurisdiction to grant Burgess' Motion. And even if jurisdiction existed, the Motion fails on the merits. Therefore, this Court should deny it.

## PROCEDURAL BACKGROUND

In his PI Motion, Burgess sought to enjoin the FDIC from continuing the enforcement proceeding against him,[1] on the grounds that he was likely to succeed on the merits of the three constitutional claims asserted in his Complaint (ECF No. 1)—that the appointed members of the FDIC Board of Directors (Board) and Administrative Law Judge (ALJ) Whang are unconstitutionally protected from removal (Counts 1 and 2) (removal-restriction claims), and that the enforcement proceeding violates Burgess' Seventh Amendment right to a jury trial (Count 3) (Seventh Amendment claim).[2]

---

[1] Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Preliminary Injunction and a Temporary Administrative Stay (ECF No. 15-1) at 1 (PI Memo); *id*. at 35 ("This Court should enter a preliminary injunction barring the Defendants from continuing the Enforcement Proceeding"); *see also* [Proposed] Order Granting Plaintiff's Motion for a Preliminary Injunction (ECF 15-4) at 1 (asking this Court to order that "the Defendants are enjoined from continuing the enforcement proceeding styled *In re Cornelius Campbell Burgess et al.* (Nos. FDIC-14-0307e, FDIC 140-0308k) in any way, including by issuing a Final Decision in that enforcement proceeding").

[2] *See* PI Memo at 11 ("Because Burgess is likely to succeed on his claim that the FDIC is an unconstitutionally structured agency, he is entitled to a preliminary injunction barring the FDIC

In its November 6 Order this Court, after determining that it has subject matter jurisdiction to entertain this lawsuit, granted Burgess' PI Motion on the grounds that Burgess had established that he is likely to succeed on the merits of his Seventh Amendment claim (though not his removal-restriction claims) and had satisfied the other requirements for preliminary injunctive relief.[3] And in its December 1 Injunction, after reviewing the parties' submissions on the form of the injunction, this Court determined that "[a]s the entire Enforcement Proceeding is unconstitutional, the Court finds it must enjoin the entire Enforcement Proceeding. Therefore, the Court grants Plaintiff's requested injunctive relief."[4]

On December 2 the FDIC appealed from the November 6 Order and December 1 Injunction (ECF No. 50). Later that day Burgess, despite being awarded all of the injunctive relief he had sought, filed a Motion for Reconsideration (ECF No. 53) asking this Court to reconsider its November 6 Order "granting in part and denying in part" his PI Motion and to "alter or amend that Order so as to find that Burgess is entitled to a preliminary injunction with respect to Counts 1 and 2 of his Complaint." Burgess contended that this Court had erroneously found that he had not shown a likelihood of success on the merits of his removal-restriction claims.[5] But on January 4,

---

and its Directors from proceeding in any way with the Enforcement Proceeding, including by issuing a Final Decision or taking any other action contemplated by 12 C.F.R. § 308.40(c)(2)."); *id*. at 13-14 ("Burgess is therefore entitled to a preliminary injunction that (1) prevents any further exercise of executive authority by ALJ Whang and (2) prevents the FDIC from accepting or otherwise relying on ALJ Whang's Recommended Decision in whole or in part"); *id*. at 18 ("Burgess is likely to succeed on the merits of his claim that the FDIC deprived him of his right to a jury trial. *See* Compl. ¶¶ 119-140. Burgess is therefore entitled to a preliminary injunction that prevents the FDIC from continuing the Enforcement Proceeding.").

[3] *See* November 6 Order at 1 ("Having reviewed the Motion, the Court finds that it should be, and is, hereby GRANTED."); *id*. at 24 ("As Plaintiff has satisfied the requirements for a preliminary injunction as to his claim under the Seventh Amendment, the Motion for Preliminary Injunction is GRANTED.").

[4] December 1 Injunction at 3.

[5] Memorandum of Points and Authorities in Support of Plaintiff's Motion for Reconsideration (ECF No. 54) at 1-4 (Recon. Memo).

with his Motion for Reconsideration pending, Burgess filed a notice of cross-appeal (ECF No. 63) from the November 6 Order "which granted in part and denied in part Burgess's motion for a preliminary injunction" and from the December 1 Injunction "which granted a preliminary injunction as to Count 3 in Burgess's Complaint (ECF No. 1) but did not grant a preliminary injunction as to Counts 1 and 2 in Burgess's Complaint."

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION TO CONSIDER BURGESS' MOTION.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "[A]n issue in the district court is only an 'aspect[] of the case involved in the appeal' if the appeal and the claims before the district court address the same legal question." *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 909 (5th Cir. 2011).

Burgess' Motion for Reconsideration and the pending Fifth Circuit appeals address the same legal question concerning the same orders of this Court: whether this Court correctly decided Burgess' PI Motion. The FDIC's notice of appeal put the November 6 Order and December 1 Injunction before the Fifth Circuit, including this Court's findings on the removal-restriction claims complained of by Burgess, as the Fifth Circuit "may affirm the district court's judgment on any grounds supported by the record.'" *Louisiana v. Biden*, 55 F.4th 1017, 1022 (5th Cir. 2022) (citations omitted); *see id.* at 1021-1022, 1033, 1035 (affirming preliminary injunction after finding that major questions doctrine established likelihood of success on merits, where district court had relied on other grounds). Even if an argument could be made that the FDIC's notice of appeal did not fully divest this Court of jurisdiction to reconsider any aspect of the November 6

Order and December 1 Injunction, that argument was extinguished when Burgess filed his notice of cross-appeal, which asks the Fifth Circuit to reverse this Court's rulings on the merits of his removal-restriction claims. Simply put, at this juncture, there is *no* aspect of the November 6 Order and December 1 Injunction that is *not* before the Fifth Circuit. The FDIC recently requested that Burgess' counsel withdraw his motion in light of his interlocutory appeal to avoid wasting this Court's time and resources. Burgess declined to do so.

The Fifth Circuit has applied *Griggs* in the context of a preliminary injunction by holding that "the powers of the district court over an injunction pending appeal should be limited to maintaining the status quo and ought not to extend to the point that the district court can divest the court of appeals from jurisdiction while the issue is before us on appeal." *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989); *see id.* (finding that district court's dissolution of injunction during appeal "was unnecessary to maintain the status quo between the parties").

Granting Burgess' Motion for Reconsideration is not necessary to, and would not maintain, the status quo. Burgess seeks "a future preliminary injunction as to Counts 1 and 2" whose "scope and contours" would be determined later, Recon. Memo at 24 n.25, with the goal of depriving the FDIC of the benefit of any Fifth Circuit decision vacating the preliminary injunction currently in effect. *See id.* ("Issuing a preliminary injunction as to Counts 1 and 2 is therefore necessary to ensure that the FDIC does not issue a Final Decision in the Enforcement Proceeding in the event that the Fifth Circuit were to vacate this Court's determination that an injunction is warranted as to Count 3.").

The same legal questions presented in Burgess' Motion for Reconsideration are before the Fifth Circuit, and Burgess' Motion aims to change rather than maintain the status quo. Accordingly, this Court lacks authority to grant the Motion and should deny it. *See Providence*

*Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2021 WL 5003273, at *5 (E.D. Tex. Oct. 28, 2021) (court lacked authority to grant motion to reconsider preliminary injunction pending appeal because requests for modification or clarification of injunction were "thinly veiled proposals to alter the status quo between the parties and clearly do not fall into the exceptions for managing preliminary injunctions pending appeal").

**II.   BURGESS' MOTION FAILS ON THE MERITS IN ANY EVENT.**

If this Court had jurisdiction to grant Burgess' Motion, denial still would be appropriate because Burgess fails to show that reconsideration is warranted. In its November 6 Order, this Court analyzed whether Burgess had shown a likelihood of success on the merits, one of the elements for granting a preliminary injunction. With respect to Burgess' removal-restriction claims, this Court found that although the allegations of unconstitutionality have merit, Burgess is not likely to succeed on the merits of his claims because he did not show that any unconstitutional removal restrictions harmed him, as required by *Collins v. Yellen*, 141 S. Ct. 1761 (2021).[6] This Court also addressed and rejected Burgess' argument that the *Collins* harm requirement does not apply to claims for prospective relief, finding that argument foreclosed by *Community Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, 51 F.4th 616 (5th Cir. 2022), *petition for cert. filed* (U.S. Nov. 14, 2022) (No. 22-448) (*CFSA*).[7] This Court correctly applied *Collins* and *CFSA* to find that Burgess is unlikely to succeed on the merits of his removal-restriction claims.

    **A.   Under *Collins*, Plaintiffs Cannot Obtain Relief—Prospective or Retrospective—On Removal-Restriction Claims Unless They Establish That Those Restrictions Caused Harm.**

In *Collins*, shareholders of Fannie Mae and Freddie Mac sued the United States Department of the Treasury and the Federal Housing Finance Agency (FHFA), which is the conservator of

---

[6] November 6 Order at 17-19.
[7] November 6 Order at 17-19.

- 5 -

Fannie Mae and Freddie Mac. The plaintiffs alleged that FHFA had exceeded its statutory authority by entering into a third amendment of an agreement concerning Treasury's investment in Fannie Mae and Freddie Mac, and that FHFA was unconstitutionally structured because it was led by a single Director who could be removed by the President only for cause. *See Collins*, 141 S. Ct. at 1775.

After rejecting the plaintiffs' statutory claim, the Court proceeded to consider their removal-restriction claim. *See Collins*, 141 S. Ct. at 1778. Relying on *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020), which had invalidated a restriction on removal of the CFPB Director, the Court held that the for-cause restriction on removal of the FHFA Director violates the separation of powers. *See Collins*, 141 S. Ct. at 1783.

The Court went on to address the plaintiffs' request for relief. The plaintiffs had sought both prospective and retrospective relief in their complaint. *See Collins*, 141 S. Ct. at 1780. But after the Court heard oral argument, Treasury and FHFA advised the Court that they had executed a fourth amendment to the subject agreement, which meant that the plaintiffs' claim for prospective relief was no longer live, although they still had an interest in retrospective relief. *See id*. The plaintiffs argued that they were entitled to relief on the ground "that the third amendment was adopted and implemented by officers who lacked constitutional authority and that their actions were therefore void *ab initio*." *Id.* at 1787. The Court rejected this argument as conflating Appointments Clause violations with unconstitutional removal restrictions:

> We have already explained that the Acting Director who *adopted* the third amendment was removable at will. That conclusion defeats the shareholders' argument for setting aside the third amendment in its entirety. We therefore consider the shareholders' contention about remedy with respect to only the actions that confirmed Directors have taken to *implement* the third amendment during their tenures. But even as applied to that subset of actions, the shareholders' argument is neither logical nor supported by precedent. All the officers who headed the FHFA during the time in question were properly

> *appointed*. Although the statute unconstitutionally limited the President's authority to *remove* the confirmed Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office. As a result, there is no reason to regard any of the actions taken by the FHFA in relation to the third amendment as void.

*Collins*, 141 S. Ct. at 1787 (emphasis in original) (internal citation omitted). Nevertheless, the Court found that "it is still possible for an unconstitutional provision to inflict compensable harm. And the possibility that the unconstitutional restriction on the President's power to remove a Director of the FHFA could have such an effect cannot be ruled out." *Id*. at 1789. The Court provided two examples where a removal restriction would cause harm—if the President had attempted to remove a Director but was prevented from doing so by a lower court ruling that he lacked "cause," and if the President had publicly expressed displeasure with a Director's actions and stated that he would remove the Director if the statute did not stand in the way. *Id*.[8]

In *CFSA*, the Fifth Circuit applied the *Collins* harm requirement to a lawsuit in which the plaintiffs sought to hold unlawful, enjoin, and set aside a rule promulgated by the CFPB. *See CFSA*, 51 F.4th at 625. The plaintiffs argued, *inter alia*, that the rule must be invalidated because it was initially promulgated by a CFPB Director who, as *Seila Law* held, was unconstitutionally protected from removal by the President. *Id*. at 631. The Fifth Circuit found that the plaintiffs had failed to demonstrate harm from the unconstitutional removal restriction as required by *Collins*. *Id*. at 632-633. The Court also rejected the plaintiffs' argument that the *Collins* harm requirement does not apply to claims for prospective relief:

---

[8] The Court remanded the case for further proceedings because "the [*Collins* plaintiffs] nevertheless claim that the unconstitutional removal provision inflicted harm." *Collins*, 141 S. Ct. at 1789. The case recently was dismissed with prejudice because "[a]s Plaintiffs have failed to plead that they were harmed by the removal restrictions, they are unable to make a claim for relief." *Collins v. Lew*, No. 4:16-CV-03113, 2022 WL 17170955, at *5 (S.D. Tex. Nov. 22, 2022), *appeal docketed sub nom. Collins v. Treasury*, No. 22-20632 (5th Cir. Dec. 8, 2022).

> While the Plaintiffs acknowledge *Collins*, they argue the case is distinguishable on several grounds. None are persuasive.
>
> First, they assert that *Collins* applies only to retrospective relief. But *Collins* did not rest on a distinction between prospective and retrospective relief. As the Sixth Circuit recently explained, *Collins*'s remedial inquiry "focuse[d] on whether a 'harm' occurred that would create an entitlement to a remedy, rather than the nature of the remedy, and our determination as to whether an unconstitutional removal protection 'inflicted harm' remains the same whether the petitioner seeks retrospective or prospective relief."

*Id.* at 631 (*quoting Calcutt v. Federal Deposit Ins. Corp.,* 37 F.4th 293, 316 (6th Cir. 2022)).[9]

### B. Burgess' Argument That *Collins* and *CFSA* Do Not Apply To His Removal-Restriction Claims Is Without Merit.

Burgess does not argue that allegedly unconstitutional restrictions on removal of appointed Board members or the ALJ inflicted harm on him, a prerequisite for relief under *Collins*. Instead, he offers multiple reasons why this Court supposedly erred in finding *Collins* and *CFSA* applicable to his removal-restriction claims. None of them has merit.

---

[9] Burgess surmises that "whatever persuasive value *Calcutt* may have had when [*CFSA*] was decided has since been called into grave doubt," because the Supreme Court recalled the mandate and stayed proceedings pending the filing of a petition for writ of *certiorari* on the application of Calcutt who argued, among other things, that the Sixth Circuit had incorrectly interpreted *Collins*. Recon. Memo at 16-17. The Supreme Court's recall of the mandate and stay order in *Calcutt* does not make *CFSA* any less binding on this Court. In any event, the Supreme Court's order does not create "grave doubt" about the correctness of *Calcutt*'s holding that the *Collins* harm requirement applies to claims for prospective relief. The FDIC agreed with Calcutt that a stay was warranted on an unrelated question presented—whether the Sixth Circuit had erred by not remanding to the Board after it determined that the Board had applied the wrong causation standard to the FDIC's claims in the enforcement proceeding against Calcutt. Response to Application for a Stay of Proceedings and Recall of the Sixth Circuit's Mandate Pending a Petition for a Writ of Certiorari and for an Administrative Stay at 12, *Calcutt v. Federal Deposit Ins. Corp.*, No. 22A255 (U.S. Sept. 28, 2022). But the FDIC disagreed that a stay was warranted as to the question relevant here—whether the Sixth Circuit had erred in applying *Collins* to Calcutt's removal-restriction claims. *Id*. In reply, Calcutt asked that "[i]n light of the government's agreement that the application should be granted," the Court grant the requested relief. Reply in Support of Application for a Stay of Proceedings and Recall of the Sixth Circuit's Mandate Pending a Petition for a Writ of Certiorari and for an Administrative Stay at 1, *Calcutt v. Federal Deposit Ins. Corp.*, No. 22A255 (U.S. Sept. 29, 2022).

1. *Cochran* Does Not Hold That The *Collins* Harm Requirement Is Inapplicable To Burgess' Claims.

Burgess asserts that in *Cochran v. United States Secs. & Exch. Comm'n*, 20 F.4th 194 (5th Cir. 2021) (*en banc*), *cert. granted*, 142 S. Ct. 2707 (U.S. May 16, 2022) (No. 21-1239), in footnote 16 of the majority opinion, the Fifth Circuit "held that *Collins*'s 'compensable harm' requirement applies when a plaintiff 'seek[s] to 'void' the acts of an [agency] official' after the fact, but **does not** apply when a plaintiff seeks equitable relief to secure 'an administrative adjudication untainted by separation-of-powers violations' in a suit for 'pre-enforcement review.'"[10]  Footnote 16 of the *Cochran* majority opinion cannot bear the weight Burgess places upon it.  In that footnote, the majority noted the dissent's assertion (*Cochran*, 20 F.4th at 244) that improper appointment of an ALJ creates a "more serious injury" than improper restrictions on removal of an ALJ, because *Collins* held that improper protection from removal, unlike improper appointment, does not lead to the exercise of power that an agency official does not lawfully possess.  The majority responded that "*Collins* does not impact our conclusion in this case because Cochran does not seek to 'void' the acts of any SEC official.  Rather, she seeks an administrative adjudication untainted by separation-of-powers violations.  Although we will not engage in the dissenting opinion's efforts to weigh the relative severity of constitutional injuries, Cochran's injury is sufficiently serious to justify pre-enforcement review in federal court." *Id*. at 210 n.16.  Absent from the majority-dissent exchange comprising footnote 16 is a discussion of whether *Collins* permits challengers to obtain prospective relief without showing compensable harm.

Even if a statement on the applicability of the *Collins* harm requirement to requests for prospective relief could be teased out of footnote 16 of the majority opinion, it would not be a

---

[10] Recon. Memo at 3 (emphasis in original).

holding. The constitutionality of removal restrictions was not at issue in *Cochran*, much less the available remedies in the event that restrictions are found unconstitutional. Instead, "[t]he question presented [was] whether a provision of the Securities Exchange Act of 1934 . . . implicitly strips federal district courts of subject-matter jurisdiction to hear structural constitutional claims." *Cochran*, 20 F.4th at 197-198; *id.* at 199 ("The sole issue on appeal is whether the district court had subject-matter jurisdiction over Cochran's claims."); *id.* at 211 ("this case presents only the issue of whether the Exchange Act divested district court jurisdiction over claims that SEC ALJs are unconstitutionally insulated from the President's removal power; our holding extends no further"). Burgess does not explain how the references to *Collins* in footnote 16 of the *Cochran* majority opinion are necessary to that jurisdictional holding. Nor did the district court in *Consumers' Research v. Consumer Prod. Safety Comm'n*, 592 F. Supp. 3d 568 (E.D. Tex. 2022), *appeal docketed*, No. 22-40328 (5th Cir. May 18, 2022).[11]

       2.       As This Court Correctly Held, *CFSA* Governs Here.

Another reason why Burgess' reliance on footnote 16 of the *Cochran* majority opinion is misplaced is that less than a year after *Cochran*, the Fifth Circuit issued *CFSA*, in which it held that the *Collins* harm requirement applies to claims for prospective as well as retrospective relief. *CFSA*, 51 F.4th at 631. In his Motion for Reconsideration, Burgess' arguments that *CFSA* should not be read at face value miss the mark.

---

[11] Burgess asserts that "[r]elying on this very footnote, other courts within the Fifth Circuit have recently interpreted *Cochran* in exactly the way that Burgess interprets *Collins* here." Recon. Memo at 14. Assuming that Burgess is referring to his interpretation of *Cochran* as holding that the *Collins* harm requirement does not apply to claims for prospective relief, Burgess cites only one case decided by one court (*Consumers' Research*). The FDIC is unaware of any "other courts" in this Circuit that have relied on footnote 16 of the *Cochran* majority opinion in the manner Burgess describes.

Burgess contends that "[i]nsofar as [*CFSA*] is interpreted to require depriving Burgess of any remedy—despite being subjected to ongoing enforcement proceedings by unconstitutionally insulated officials who are threatening to deprive him of his right to ever participate in the banking industry again—it is plainly in conflict with" *Cochran*.[12]  As explained above, *CFSA* does not conflict with *Cochran* because *CFSA* holds that the *Collins* harm requirement applies to prospective as well as retrospective relief and *Cochran* does not hold to the contrary.  Moreover, *CFSA* does not hold that Burgess cannot obtain a remedy if he is being (or has been) prosecuted or judged by an officer unconstitutionally protected from removal.  *CFSA* merely holds that under *Collins*, Burgess must establish harm from removal restrictions in order to obtain a remedy.  Assuming *arguendo* this Court's jurisdiction over this lawsuit (an issue currently before the Fifth Circuit), had Burgess established both that the removal restrictions at issue were unconstitutional and that they inflicted harm on him, under *Collins* and *CFSA* this Court could have awarded him relief on his removal-restriction claims.  But Burgess does not allege harm.

Burgess also argues that this Court should construe *CFSA* narrowly so that it does not apply to him:  "The easiest way for this Court to reconcile [*CFSA*] and *Cochran* would be to hold that the discussion of remedies in [*CFSA*] does not constitute binding precedent with respect to the particular fact pattern presented in this case—i.e., a situation in which the plaintiff seeks **only** prospective relief and does not request vacatur of any agency action."[13]  But there is no *CFSA*-*Cochran* conflict to reconcile, and neither *Collins* nor *CFSA* contains a carveout for Burgess' alleged circumstances.

---

[12]  Recon. Memo at 2-3.
[13]  Recon. Memo at 19.

Continuing his focus on *Cochran*, Burgess asserts that "[i]t also bears mention that [*CFSA*] may well have been decided differently if the panel had been made aware of the import of the *Cochran* decision for its remedial analysis."[14] As explained above, *Cochran*'s holding does not conflict with *CFSA*'s holding that the *Collins* harm requirement applies to prospective as well as retrospective relief. In any event, Burgess does not explain how an argument based on speculation that (a) the *CFSA* panel was unaware of *Cochran*'s supposed import,[15] and (b) the *CFSA* decision "may well have" come out a different way, merits reconsideration. Nor does Burgess gain traction by positing that "the fact that a particular issue was not raised in the parties' briefs means that future Fifth Circuit panels (and District Courts within the Circuit) are not precluded from reaching a different result in a future case where that issue **is** presented in the briefs."[16] The issue of whether the *Collins* harm requirement applies to claims for prospective relief was briefed by the parties in *CFSA*.[17]

Burgess also argues that *CFSA*'s finding that the *Collins* harm requirement applies to claims for prospective relief need not be followed by this Court, because the plaintiffs had forfeited

---

[14] Recon. Memo at 16.

[15] The fact that the parties in *CFSA* did not cite *Cochran* to the Fifth Circuit does not mean the panel was unaware of *Cochran*. After all, *Cochran* was a high-visibility opinion issued during the course of briefing in *CFSA*, and all three members of the *CFSA* panel participated in the *en banc Cochran* decision (and joined Judge Oldham's concurrence to which Burgess frequently refers). And *Cochran* is one of a small number of Fifth Circuit opinions citing *Collins*. So if *Cochran* really did contain a "plain holding" (Recon. Memo at 3) that the *Collins* harm requirement does not apply to claims for prospective relief, it is reasonable (or at least no more speculative than Burgess' alternative) to assume that the panel would have been aware of that holding and applied it.

[16] Recon. Memo at 16 (emphasis in original).

[17] Opening Brief of Appellants at 16-18, *Community Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, No. 21-50826 (5th Cir. Nov. 15, 2021); Brief of Appellees at 37-38, *Community Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, No. 21-50826 (5th Cir. Dec. 15, 2021); Reply Brief of Appellants at 7, *Community Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, No. 21-50826 (5th Cir. Jan. 19, 2022).

their argument to the contrary "[a]nd it is black-letter law that a federal court's comments on forfeited issues constitute mere dicta."[18] But the out-of-circuit caselaw cited by Burgess does not help his cause because, in each of those opinions, the court in the prior case had found that an issue had been forfeited.[19] In *CFSA*, by contrast, the Fifth Circuit did not find that the plaintiffs had forfeited their argument on the *Collins* harm requirement.[20] Instead, the Court considered and rejected the argument. *CFSA*, 51 F.4th at 631. That is not dicta; it is a holding.

---

[18] Recon. Memo at 22-23; *see id.* at 23 n.24 (citing cases).

[19] *See United States v. Wilson*, 776 F.3d 402, 405 (6th Cir. 2015) ("The Fourth Circuit came to a different conclusion in *United States v. Alston* . . . but its one-sentence analysis was dicta because Alston forfeited the issue on appeal."); *United States v. Alston*, 722 F.3d 603, 606 n.4 (4th Cir. 2013) ("Alston raises this argument for the first time in his reply brief and did not raise it before the district court. His argument is therefore waived."); *see also Howell Petroleum Corp. v. Samson Res. Co.*, 903 F.2d 778, 780 n.1 (10th Cir. 1990) ("Howell relies upon *Becker v. State ex rel. Department of Public Welfare* . . . .Regarding the statute of limitations, the court first noted that the defendant waived any defense based on the statute because he failed to plead it. Four paragraphs later, the court said that the claim was not barred by the statute of limitations because the cross-claimants had no notice that the defendant had repudiated the trust. The second statement is dicta because the issue had been waived and was not before the court."); *see also United States v. Smith*, 386 F.3d 753, 761 (6th Cir. 2004) ("[T]he government relies upon *United States v. Johnson* . . . .However, the language in *Johnson* cited by the government is *dicta*, since in the same paragraph, we pointed out that the defendant had forfeited the issue concerning the validity of the no-knock warrant because he failed to raise the argument before the district court. Therefore, it cannot serve as precedent.") (internal citations omitted); *see also Bass v. Butler*, 116 F. App'x 376, 383 (3d Cir. 2004) ("On that claim, the Commonwealth Court held that Bass had waived the issue. Despite this finding, the court did address the issue 'in any case' and found the claim meritless. After finding that the issue was waived, however, any discussion on the merits was *dictum*, because under Pennsylvania law lower courts are not allowed to address issues waived by the parties. . . .[I]n this case the Commonwealth Court was not empowered to evaluate Bass's facial claims after it found that the issue had been waived. Therefore, the facial constitutionality of Section 415 was not actually decided by the Commonwealth Court, and the issue is not barred by *Rooker-Feldman* on that basis.").

[20] When the Fifth Circuit in *CFSA* intended to find a forfeiture, it said so. *See CFSA*, 51 F.4th at 629 ("As to the first point, the Plaintiffs forfeited their stale data argument by failing to raise it in the district court."); *id.* at 633 n.6 ("Because the Plaintiffs did not raise their appropriations-based nondelegation argument in the district court, it is forfeited on appeal.").

For that same reason, Burgess' reliance on *Ochoa-Salgado v. Garland*, 5 F.4th 615 (5th Cir. 2021), is misplaced. In that case, after discussing circuit precedent on applying the rule of orderliness to conceded points, the Court summed it up: "In short, where a party concedes an issue and a panel fails to give it reasoned consideration, a ruling relying on that concession isn't an affirmation of the conceded proposition that operates as binding precedent." *Id*. at 620. As explained below, in *CFSA* the plaintiffs made no concession on the applicability of the *Collins* harm requirement to claims for prospective relief. But even if they had, the Court did not rely on that concession by stating that the plaintiffs concede that *Collins* applies to prospective as well as retrospective relief.[21] Just the opposite: the Court stated that the plaintiffs "assert that *Collins* applies only to retrospective relief." And the Court went on to give the issue reasoned consideration by following an earlier Court of Appeals decision addressing the issue. *See CFSA*, 51 F.4th at 631.

Burgess cites no case, from any court, holding that where the court of appeals does not find an issue forfeited and proceeds to decide it, a trial court can, in a different case, reach its own conclusion as to whether the court of appeals should have found a forfeiture, and thus whether to treat the court of appeals' finding on the issue as a holding or dicta. Even if that were the law, Burgess has not shown forfeiture by the *CFSA* plaintiffs. He points to a letter the plaintiffs filed with the Fifth Circuit in response to the CFPB's letter notifying the Court of the *Calcutt* decision.[22]

---

[21] *See, e.g., United States v. Ibarra-Luna*, 628 F.3d 712, 716 (5th Cir. 2010) ("The government concedes that a mere offer to sell, without evidence of possession or transfer, is tantamount to solicitation and is not proscribed by the Controlled Substances Act."); *Ochoa-Salgado*, 5 F.4th at 619 (citing *Ibarra-Luna* as a case where "we relied on the government's concession that an offer-to-sell theory fell outside the CSA").

[22] Response to Letter Pursuant to Fed. R. App. P. 28(j), *Community Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, No. 21-50826 (5th Cir. Jun. 23, 2022).

In a footnote, the plaintiffs disagreed with *Calcutt*'s read of *Collins* as applying to claims for prospective relief, attempted to distinguish *Calcutt* on the point, and then stated that "[r]egardless, this Court need not resolve whether *Collins* applies to prospective relief.  Rather, because Plaintiffs have satisfied *Collins* by establishing that President Trump would have removed Director Cordray, the Court can simply assume arguendo that *Collins* applies to the relief sought here."[23]

The plaintiffs' statement is best read as an argument that even if the Court reads *Collins* the way the Sixth Circuit did in *Calcutt*, the plaintiffs still win.  So read, it is consistent with the position the plaintiffs previously took at oral argument, refuting the CFPB's assertion that they were conceding the applicability of *Collins*:  "I wanted to correct something that my friend said.  We don't concede that *Collins*' limitation on relief applies outside of its narrow circumstances there, which was disgorgement of funds.  But we think the simplest way for the court to decide this case is just to assume that *Collins* applies because we so readily satisfy *Collins*."[24]

## CONCLUSION

For the foregoing reasons, Burgess' Motion for Reconsideration should be denied.

Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION
  Andrew J. Dober
  Senior Counsel

  /s/ *Andrew A. Nicely*

Bryce C. Quine (Tex. No. 24032976)
Arthur E. Anthony (Tex. No. 24001661)
600 North Pearl Street, Suite 700
Dallas, Texas  75201
Telephone:  (972) 761-8520

Andrew A. Nicely (Va. No. 41750)
Daniel Kurtenbach
3501 Fairfax Drive, D-7028
Arlington, VA 22226-3500
Tel.:  (703) 516-5729

---

[23]*Id*. at 2 n.1.
[24]Recording of Oral Argument at 36:45-37:03, *Community Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, No. 21-50826 (5th Cir. May 9, 2022); *see* Recon. Memo at 23 (quoting statement of CFPB attorney to whom the plaintiffs' attorney responded).

- 16 -

Alternate Tel.: (972) 761-2237  Fax: (703) 562-2477
Email: bquine@fdic.gov  Email: anicely@fdic.gov
Email: aranthony@fdic.gov

*Counsel for Defendants*

DATED:   January 13, 2023

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record registered to receive such notices.

                                       /s/ *Andrew A. Nicely*
                                         Andrew A. Nicely