IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **CORNELIUS CAMPBELL BURGESS**, *Plaintiff*, v. **FEDERAL DEPOSIT INSURANCE CORPORATION**; **MARTIN J. GRUENBERG**, in his official capacity as Acting Chairman of the FDIC; **MICHAEL J. HSU**, in his official capacity as a Director of the FDIC; **ROHIT CHOPRA**, in his official capacity as a Director of the FDIC; and **JENNIFER WHANG**, in her official capacity as an Administrative Law Judge, *Defendants*. | Civil Action No. 7:22-cv-00100-O<br><br>The Honorable Reed O'Connor,<br>United States District Judge, Presiding |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

Michael A. Heidler (TX Bar No. 24059921)
  Email: mheidler@velaw.com
VINSON & ELKINS LLP
200 West 6th Street, Suite 2500
Austin, Texas 78701
Telephone: (512) 542-8579

James T. Dawson (TX Bar No. 24094618)
  *Pro Hac Vice* (DC Bar No. 1602502)
  Email: jamesdawson@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Telephone: (202) 639-6588

Manuel G. Berrelez (TX Bar No. 24057760)
  Email: mberrelez@velaw.com
Thomas P. Mitsch (TX Bar No. No. 24102218)
  Email: tmitsch@velaw.com
James F. Hopper (TX Bar No. 24116535)
  Email: jhopper@velaw.com
Madelyn C. Stanley (TX Bar No. 24121529)
  Email: mstanley@velaw.com
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

*Counsel for Plaintiff Cornelius Campbell Burgess*

## **INTRODUCTION**

The government's position in this case is that, even when everyone agrees that an officer of the United States has been unconstitutionally shielded from removal, that officer should nonetheless be permitted to exert executive power over American citizens for the rest of time, unless and until the President publicly states that he would remove that officer if a statute or judicial decision did not stand in the way. Of course, no one has ever made such a showing. And, barring truly exceptional circumstances, no one ever will. That is why the Fifth Circuit has gone out of its way to clarify that plaintiffs who are seeking only **prospective** relief are not required to meet this exacting standard in order to succeed on a separation-of-powers claim. *Cochran v. SEC*, 20 F.4th 194, 210 n.16 (5th Cir. 2021) (en banc), *cert. granted*, 142 S. Ct. 2707 (2022). Were it otherwise, there would be no way for courts to enforce the Supreme Court's instruction that plaintiffs must be permitted to seek "relief sufficient to ensure that the . . . standards to which they are subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 513 (2010); *accord Cochran*, 20 F.4th at 233 (Oldham, J., concurring) ("A person subject to an unconstitutional adjudication should at least be able to sue for declaratory relief requiring a constitutionally structured proceeding.").

Unsurprisingly, the government's opposition to Burgess's Reconsideration Motion (ECF No. 54, "Mot.") has little to say about the enormous practical consequences of its position, which, if credited, would prevent the targets of administrative enforcement proceedings from **ever** having a meaningful opportunity to challenge the constitutionality of their persecutors. Instead, the government has again elected to hide behind misguided procedural objections and contorted readings of Fifth Circuit cases that, by its own admission, did not consider the arguments Burgess makes here.

1

The government's lead argument is that this Court cannot act on Burgess's Reconsideration Motion because the pending appeal has stripped this Court of jurisdiction. *See* ECF No. 66 ("Opposition" or "Opp.") at 3-5. But, as Burgess's counsel explained to the government before the Opposition was filed, this Court can still issue an indicative ruling on the Reconsideration Motion under Federal Rule of Civil Procedure 62.1(a). *See infra* Section I.

On the merits, the government insists that this case is controlled by *Community Financial Services Ass'n of America, Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022). But the government offers no real response to Burgess's contention that this Court should not have followed *Community Financial* in its preliminary-injunction Order given that *Community Financial*—to the extent it applies here at all—conflicts with the Fifth Circuit's decision in *Cochran*. *See infra* Section II.

## ARGUMENT IN REPLY

**I.     This Court Retains Jurisdiction To Issue an Indicative Ruling Under Rule 62.1(a).**

The government's Opposition opens with the contention that this Court purportedly "lacks jurisdiction" to consider Burgess's Reconsideration Motion because "there is no aspect of the November 6 Order and December 1 Injunction that is not before the Fifth Circuit." Opp. 1, 4 (emphases omitted). The government then discloses that it "requested that Burgess' counsel withdraw his motion" due to this alleged jurisdictional defect and that "Burgess declined to do so." *Id.* at 4. But that tells only half the story. In response to the inquiry from the government's counsel, Burgess's counsel promptly explained that "Judge O'Connor retains the option to resolve [Burgess's] pending reconsideration motion by . . . provid[ing] an 'indicative ruling'" under Federal Rule of Civil Procedure 62.1(a). Ex. A at 1. The government's counsel did not respond to that email, and the government's Opposition does not mention Rule 62.1(a) even once.

Federal Rule of Civil Procedure 62.1(a) provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is

2

pending, the court may" issue an order that "state[s] either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." If this Court were to issue an "indicative ruling" of that type, Burgess would then be required to "promptly notify the [Fifth Circuit] clerk under Federal Rule of Appellate Procedure 12.1." Fed. R. Civ. P. 62.1(b). After receiving such notice, the Fifth Circuit could elect to remand the pending appeal to this Court in lieu of deciding it on the merits. And this Court could "decide the [reconsideration] motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(c).

The government's argument that the pendency of the Reconsideration Motion risks wasting "time and resources" has things exactly backwards. Opp. 4. Rule 62.1(a) was designed to account for the fact that, when there are "compelling grounds to grant relief" from an already-issued order that has since been appealed, it is often the case that "the most sensible and efficient path forward" is for the district court to issue an indicative ruling, ergo providing the court of appeals with the option to "to terminate its proceedings and remand the case to the district court for further action." Steven S. Gensler & Lumen N. Mulligan, 2 *Federal Rules of Civil Procedure, Rules and Commentary Rule 62.1* (Westlaw Feb. 2022). When a district court "would grant the motion if it could, it generally will be preferable for the district court to say so," because then the court of appeals does not have to waste time and resources considering an appeal from an order that the district court believes should be revisited. *Id.*; *see* Wright & Miller, 11 *Fed. Prac & Proc. Civ.* § 2911 (3d ed. Westlaw Apr. 2022). That is especially so here, given that the Reconsideration Motion in this Court is already fully briefed and no merits briefs have yet been filed in the Fifth Circuit. Thus, contrary to the government's suggestion, the Rule 62.1 procedure would actually **save** "time and resources"—not waste them. Indeed, in recognition of Rule 62.1's efforts to promote judicial economy, federal courts have often issued "indicative rulings" on motions for

3

reconsideration stating that they would revisit, expand, or otherwise change an already-issued preliminary injunction if the court of appeals remanded for that purpose.[1]

**II.      This Court Should Issue an Indicative Ruling that It Would Grant Burgess's Reconsideration Motion if the Fifth Circuit Were To Remand for that Purpose.**

**A.      This Court's Preliminary Injunction Order Erred by Relying on a Portion of *Community Financial* that Conflicts with the En Banc Decision in *Cochran*.**

As Burgess explained in his Reconsideration Motion, this Court would be bound to follow *Cochran* instead of *Community Financial* if there were a conflict between those cases, both because *Cochran* is the earlier-in-time decision and because it is an en banc opinion.  *See* Mot. 13-14.  And such a conflict clearly exists.  On the one hand, *Community Financial* held that the question "whether an unconstitutional removal protection 'inflicted harm' remains the same whether the petitioner seeks retrospective or prospective relief." 51 F.4th at 631 (quoting *Calcutt v. FDIC*, 37 F.4th 293, 316 (6th Cir. 2022), *mandate recalled & stayed*, No. 22A255, 2022 WL 4546340 (U.S. Sept. 29, 2022)).  On the other hand, *Cochran* held that *Collins*'s requirement that a challenger show a "compensable harm" attributable to a removability defect does **not** apply when the plaintiff or petitioner merely "seeks an administrative adjudication untainted by separation-of-powers violations" and "does not seek to 'void' the acts of any [agency] official." 20 F.4th at 210 n.16.  These competing statements in *Community Financial* and *Cochran* are clearly irreconcilable, to the extent that *Community Financial* can be read as applying to this case at all.  *See* Mot. 14-19; *accord Consumers' Research v. Consumer Prod. Safety Comm'n*, No. 6:21-cv-256, 2022 WL

---

[1] *See, e.g.*, *Index Newspapers LLC v. City of Portland*, No. 3:20-cv-1035, 2022 WL 72124, at *1 (D. Or. Jan. 7, 2022); *Ivan A. v. Anderson*, No. 20-cv-2796, 2021 WL 858608, at *1 (D.N.J. Mar. 8, 2021); *Berger v. Nat'l Bd. of Med. Examiners*, No. 1:19-cv-99, 2020 WL 2110576, at *2 (S.D. Ohio May 4, 2020); *Gibbs v. Stockwell*, No. 2:18-cv-12392, 2019 WL 6519976, at *1 (E.D. Mich. Aug. 23, 2019); *Callahan v. United States Dep't of Health & Human Servs. ex. rel Azar*, No. 1:19-cv-1783, 2019 WL 13060746, at *5 (N.D. Ga. Aug. 16, 2019); *Overstreet v. Apex Linen Serv., Inc.*, No. 2:17-cv-2923, 2018 WL 2245145, at *2 (D. Nev. Apr. 19, 2018); *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1123 (D.N.M. 2016), *aff'd*, 863 F.3d 1226 (10th Cir. 2017); *see also New York v. United States Dep't of Homeland Sec.*, 475 F. Supp. 3d 208, 216, 231 (S.D.N.Y. 2020).

1577222, at *13 (E.D. Tex. Mar. 18, 2022), *appeal docketed* May 18, 2022 (5th Cir. No. 22-40328). Thus, this Court should have followed *Cochran* and not *Community Financial*.

In attempting to elide the conflict between *Cochran* and *Community Financial*, the government relies principally on two arguments. First, the government insists that "[f]ootnote 16 of the *Cochran* majority opinion cannot bear the weight Burgess places upon it" because that footnote purportedly does not include any "discussion of whether *Collins* permits challengers to obtain prospective relief without showing compensable harm." Opp. 9. With respect, that is plainly wrong. Footnote 16 clearly states that *Collins*'s requirement to show an "injury" in the form of a compensable harm "**does not impact . . . this case**" because the petitioner was "not seek[ing] to 'void' the acts of any [agency] official." 20 F.4th at 210 n.16 (emphasis added). It is difficult to imagine how the Court could have indicated more clearly that there was a material difference between (1) cases where a plaintiff (like Burgess) seeks **prospective** relief in the form of "an administrative adjudication untainted by separation-of-powers violations" and (2) cases where a plaintiff (unlike Burgess) seeks **retrospective** relief in the form of "'void[ing]' the acts of any [agency] official." *Id.* As the Court made clear, *Collins*'s "compensable harm" rule "**does not impact**" the former set of cases seeking prospective relief, but it does "impact" the latter set of cases seeking retrospective relief. Burgess's case clearly falls into the former camp, which the government does not dispute.

Second, the government argues that footnote 16 of *Cochran* does not contain "a holding" because "[t]he constitutionality of removal restrictions was not at issue in *Cochran*," which, in the government's telling, was a case that considered only the question of whether the Exchange Act "implicitly strips federal district courts of subject-matter jurisdiction to hear structural constitutional claims." Opp. 9-10 (internal quotation marks omitted). That argument evinces a

5

fundamental misunderstanding of both footnote 16 and the argument in the dissent to which footnote 16 was responding. The dissenters in *Cochran* argued that the injury posed by an unconstitutionally **appointed** officer was supposedly less "serious" than the injury posed by an unconstitutionally **insulated** officer, because in the former case (but not the latter) the officer's actions would automatically be "void" *ab initio*. *See Cochran*, 20 F.4th at 243-44 (Costa, J., dissenting). The dissent then reasoned that, because a petitioner has a meaningful opportunity to present an Appointments Clause challenge in post-enforcement review, it must be the case that post-enforcement review also provides a meaningful opportunity to seek judicial review of the less "serious" separation-of-powers problem. *See id.* The majority rejected that argument because it rested on the incorrect premise that Ms. Cochran was "seek[ing] to 'void' the acts of any SEC official." *Id.* at 210 n.16 (majority). In so holding, the majority made it unmistakably clear that the remedial framework prescribed by *Collins*—including the requirement to show a "compensable harm"—does **not** apply when a plaintiff or petitioner seeks only an "administrative adjudication untainted by separation-of-powers violations." *Id.* And that was clearly a holding, because it was integral to the Court's interpretation of *Collins*.

In any case, the next paragraph of footnote 16—which the government does not discuss at all—removes any doubt about this issue. There the majority emphasized that *Collins* should not be interpreted to foreclose all "hope" that Ms. Cochran could receive "meaningful judicial review" on her removability claim. *Cochran*, 20 F.4th at 210 n.16. The interpretation of *Collins* offered by the government—and credited in this Court's Order—runs afoul of that guidance. If *Collins* were interpreted to apply to requests for prospective relief (despite the fact that there was no live request for prospective relief in *Collins* (*see* Opp. 6)), then plaintiffs and petitioners could succeed on a removability claim only by pointing to public statements that an officer would have been

6

removed but for a removal protection. *See Collins v. Yellen*, 141 S. Ct. 1761, 1789 (2021). Given that those cases are "quite uncommon" and "very challenging" to prove, the only way to permit the type of "meaningful judicial review" demanded by the *Cochran* majority is to read *Collins* as limited to requests for retrospective relief. *Cochran*, 20 F.4th at 232-33 (Oldham, J., concurring).

For these reasons, the Court should enter an indicative ruling stating that it would grant the Reconsideration Motion and follow *Cochran* with regard to Counts 1 and 2 of the Complaint.

### B. This Court Can Read *Cochran* and *Community Financial* in Concert.

Burgess's Reconsideration Motion explained that, where possible, district courts in this Circuit must avoid interpreting two Fifth Circuit cases to create a conflict of authority. *See* Mot. 19. Burgess then explained that, given the facts here, this Court could discharge that obligation by either (1) finding that *Community Financial* does not answer the question presented in this case or (2) finding that the relevant portion of *Community Financial* is non-binding dicta. *See* Mot. 19-24. The government offers no compelling rebuttal to either of these points.

#### 1. *Community Financial* Does Not Apply When, As Here, a Plaintiff Pressing a Removability Argument Seeks Prospective Relief <u>Only</u>.

The easiest way to avoid a conflict between *Cochran* and *Community Financial* would be to hold that *Community Financial* does not apply when, as here, the plaintiff seeks **only** prospective relief and does not request that any agency action be unwound. As Burgess has already explained at length, the plaintiffs in *Community Financial* did not argue that they would have any entitlement to prospective relief if the Payday Lending Rule at issue in that case was not retrospectively vacated. Mot. 19-20. By contrast, Burgess has not requested that this Court vacate any agency action, and his entitlement to prospective relief does not depend on this Court doing so. This Court should therefore interpret *Community Financial* as being limited to cases where a plaintiff seeks to vacate prior agency action, because any broader interpretation would place *Community*

7

*Financial* into conflict with *Cochran* and would render *Collins*'s remedial analysis a dead letter. Mot. 19-22.

The government's Opposition offers no real response to this argument. Instead, it rests on the conclusory suggestion that "[*Community Financial*] does not conflict with *Cochran*," meaning that *Community Financial* should be read at "face value" instead of "narrowly." Opp. 10-11. But, as explained above, *Community Financial* <u>does</u> conflict with *Cochran* (if *Cochran* is read as the government suggests). *See supra* at 5. In order to read *Community Financial* to support the government's view, one would be required to expand that case beyond the particular facts it presented by presuming that the rule it prescribed would also apply to situations in which the plaintiff or petitioner sought only prospective relief (which was not the case in *Community Financial*).

The government also objects to Burgess's contention that *Community Financial* "may well have been decided differently if the panel had been made aware of the import of the *Cochran* decision for its remedial analysis." Opp. 12 (quoting Mot. 12). The government claims that the "issue of whether the *Collins* harm requirement applies to claims for prospective relief was briefed by the parties in [*Community Financial*]." *See id.* at 12 & n.17. But the government concedes—as it must—that the *Cochran* case was not cited in the parties' briefs in that case and was not discussed at argument. *Id.* at 12 n15. The fact that the parties' briefs discussed the harm requirement for removability claims in general terms (without discussing *Cochran* itself) is of no moment, because the specific question presented in this case is how *Cochran* affects the analysis. The Fifth Circuit had no occasion to consider that question in *Community Financial*, because the parties did not bring *Cochran* to the Court's attention or exchange adversarial briefing on the import of that decision.

8

### 2. The Relevant Portion of *Community Financial* Was Dicta.

As a final basis for reconsideration, Burgess argued that the portion of *Community Financial* on which the Order relied was dicta because the plaintiffs in that case **conceded** that the *Collins* framework applied to their case. Indeed, the *Community Financial* plaintiffs went so far as to inform the Court that it "need not resolve whether *Collins* applies to prospective relief"—i.e., the exact issue at the center of the dispute in this case—because they had satisfied *Collins*'s requirement to show a "compensable harm." Mot. 22-23; *see id.* at 11-12 & nn.16-17. The government's chief response is to suggest that Burgess's cases concerning forfeiture "do[] not help his cause because, in each of those opinions, the court in the prior case had found that an issue had been forfeited," whereas in *Community Financial* the "Fifth Circuit did not find that the plaintiffs had forfeited their argument on the *Collins* harm requirement." Opp. 13 (footnotes omitted).

According to the government, this case differs from those cited by Burgess because (1) the *Community Financial* "plaintiffs made no concession on the applicability of the *Collins* harm requirement" and (2) even if the plaintiffs had made such a concession, "the Court did not rely on that concession" but instead gave the issue "reasoned consideration." Opp. 14; *see id.* (discussing *Ochoa-Salgado v. Garland*, 5 F.4th 615 (5th Cir. 2021)). Neither argument is correct.

As to the first argument, the government attempts to downplay the significance of the *Community Financial* plaintiffs' 28(j) letter, which the government believes is "best read" as suggesting that the plaintiffs would "still win" even "if the Court reads *Collins* the way the Sixth Circuit did in *Calcutt*." Opp. 15. The government's subjective and *ex post* gloss on the letter cannot change its contents. The *Community Financial* plaintiffs stated that "the Court need not resolve whether *Collins* applies to prospective relief" (Mot. 11 n.16) and should instead "simply assume arguendo that *Collins* applies" (*id.* at 12 n.17, 23). Indeed, the government itself previously

9

agreed that the *Community Financial* plaintiffs had "concede[d] that the *Collins* framework governs." Mot. 23 & n.23. But now that the shoe is on the other foot, the government finds itself in the strange position of arguing that its own prior statements were incorrect. *See* Opp. 15.

As to the second argument, the government misapprehends the relevant rule from this Court's case law. The question is not whether the *Community Financial* plaintiffs' letter constitutes a "forfeiture" in the formal sense of that word. Instead, the question is whether the prior panel was confronted with a situation in which "a party made an explicit concession" as to a certain issue; if so, the law in this Circuit is that the issue will be treated as if it were "not raise[d]." *Ochoa*, 5 F.4th at 619-20. Here, the government admits that the *Community Financial* plaintiffs "concede[d] that the *Collins* framework govern[ed]" their case. Mot. 23 & n.23. That concession—combined with the fact that *Cochran* was not briefed or argued to the *Community Financial* panel—compels the conclusion that courts in this Circuit are not bound by *Community Financial*.

## **CONCLUSION**

For the reasons stated herein and in the Reconsideration Motion, the Court should issue an indicative ruling under Federal Rule of Civil Procedure 62.1(a) stating that it would grant Burgess's Reconsideration Motion if the Fifth Circuit were to remand for that purpose.

Dated:  January 27, 2023                                          Respectfully submitted,

                                                                  /s/ Manuel G. Berrelez

Michael A. Heidler (TX Bar No. 24059921)        Manuel G. Berrelez (TX Bar No. 24057760)
    Email: mheidler@velaw.com                      Email: mberrelez@velaw.com
VINSON & ELKINS LLP                             Thomas P. Mitsch (TX Bar No. No. 24102218)
200 West 6th Street, Suite 2500                     Email: tmitsch@velaw.com
Austin, Texas 78701                             James F. Hopper (TX Bar No. 24116535)
Telephone: (512) 542-8579                           Email: jhopper@velaw.com
                                                Madelyn C. Stanley (TX Bar No. 24121529)
James T. Dawson (TX Bar No. 24094618)               Email: mstanley@velaw.com
   *Pro Hac Vice* (DC Bar No. 1602502)       VINSON & ELKINS LLP
    Email: jamesdawson@velaw.com          Trammell Crow Center
VINSON & ELKINS LLP                             2001 Ross Avenue, Suite 3900
2200 Pennsylvania Avenue, NW                    Dallas, Texas 75201
Suite 500 West                                  Telephone: (214) 220-7700
Washington, DC 20037                            Facsimile: (214) 220-7716
Telephone: (202) 639-6588

*Counsel for Plaintiff Cornelius Campbell Burgess*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2023, I caused the foregoing document to be filed with the Clerk of the U.S. District Court for the Northern District of Texas via the Court's CM/ECF system, which will notification of such filing to be send to all counsel and parties of record registered to receive such notices.

Dated:  January 27, 2023

Respectfully submitted,

*/s/ Manuel G. Berrelez*

Manuel G. Berrelez (Texas Bar No. 24057760)
  mberrelez@velaw.com
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

*Counsel for Plaintiff Cornelius Campbell Burgess*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the applicable type-volume limitation in Local Civil Rule 7.2(c) because it contains no more than 10 pages.

Dated:  January 27, 2023  Respectfully submitted,

/s/ Manuel G. Berrelez

Manuel G. Berrelez (Texas Bar No. 24057760)
    mberrelez@velaw.com
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

*Counsel for Plaintiff Cornelius Campbell Burgess*

# Exhibit A

# Berrelez, Manuel G.

| | |
|---|---|
| From: | Berrelez, Manuel G. |
| Sent: | Wednesday, January 11, 2023 11:02 PM |
| To: | Nicely, Andrew A. |
| Cc: | Dober, Andrew J.; Dawson, James; Mitsch, Tom; Hopper, Jimmy; Stanley, Madelyn |
| Subject: | RE: Burgess v. FDIC - Plaintiff's Motion for Reconsideration |

Andrew – Thanks for your email, and happy new year to you.  Under Federal Rule of Civil Procedure 62.1, Judge O'Connor retains the option to resolve our pending reconsideration motion by "stat[ing that he] would grant the motion if the court of appeals remands for that purpose."  Fed. R. Civ. P. 62.1(a)(3).  If Judge O'Connor were to provide an "indicative ruling" of that type, we would immediately inform the Fifth Circuit and request a remand.  Upon remand, Judge O'Connor would unquestionably have jurisdiction and could modify the injunction so as to grant relief on Counts 1 and 2.

As we discussed with your colleague Mr. Brooks earlier today, our position is that it is appropriate to stay the existing merits briefing schedule in the Fifth Circuit pending Judge O'Connor's disposition of our reconsideration motion.  We have no intent at this time to withdraw the reconsideration motion, especially given Judge O'Connor's comment at the November 28 status conference that he was "interested" in reviewing that filing.  Status Conf. Tr. 16:18.

As always, we would be glad to talk by telephone if you think that would be helpful.

Thanks,
Manuel


**Manuel G. Berrelez**
Partner

**Vinson&Elkins**

E   mberrelez@velaw.com
W   +1.214.220.7709

Vcard   |   Bio   |   velaw.com


---

**From:** Nicely, Andrew A. <anicely@FDIC.gov>
**Sent:** Wednesday, January 11, 2023 12:41 PM
**To:** Berrelez, Manuel G. <mberrelez@velaw.com>
**Cc:** Dober, Andrew J. <adober@FDIC.gov>; Dawson, James <jamesdawson@velaw.com>; Mitsch, Tom <tmitsch@velaw.com>; Hopper, Jimmy <jhopper@velaw.com>; Stanley, Madelyn <mstanley@velaw.com>
**Subject:** Burgess v. FDIC - Plaintiff's Motion for Reconsideration

[EXTERNAL]

Dear Manuel,

1

    In light of your client's notice of cross-appeal to the Fifth Circuit from the November 6 order granting Burgess' motion for preliminary injunction and the December 1 order issuing an injunction, there is no aspect of those two rulings that is not before the Fifth Circuit.  As a result, the District Court lacks jurisdiction to modify those orders.  I am writing to request that you withdraw your pending motion for reconsideration in the District Court.  We hope you will agree not to waste the Court's time and resources pursuing the motion.  Given that our opposition is due this Friday, I would be grateful for a prompt response.

Best regards,

Andrew Nicely


**Andrew A. Nicely**
Counsel – FDIC
Tel. 703.516.5729
anicely@fdic.gov