IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CORNELIUS CAMPBELL BURGESS, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:22-cv-00100-O |
| FEDERAL DEPOSIT INSURANCE CORPORATION, et al., | § § § § § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court are Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 62), filed January 3, 2023; Plaintiff's response (ECF No. 76), filed February 3, 2023; and Defendants' reply (ECF No. 78), filed February 17, 2023. For the reasons contained herein, the motion is hereby **GRANTED in part**, **DENIED in part**, and **DEFERRED in part**.

I.   Factual and Procedural Background[1]

Plaintiff Cornelius Burgess served as the Chief Executive Officer of Herring Bank from 2000 to 2012, and as the President of the Bank from 2002 to 2012. In 2010, the FDIC began an investigation into Plaintiff's expense practices after receiving a tip that he was using bank funds to renovate his house. After nearly four years of investigation, the FDIC formally opened an Enforcement Proceeding against Plaintiff on November 21, 2014. In the Enforcement Proceeding,

---

[1] The Court recites the facts from Plaintiff's Complaint (ECF No.1) as well as from the Court's prior recitation of the facts in the Court's November 6 Order (ECF No. 31). At the 12(b)(6) stage, the facts pleaded in Plaintiff's Complaint (ECF No. 1) are taken as true and viewed in the light most favorable to the plaintiffs. *See Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

1

FDIC Enforcement Counsel alleged that Burgess abused his position at Herring Bank. The Enforcement Counsel sought to (1) remove Plaintiff from his positions at the bank and its holding company; (2) prohibit Plaintiff from further participation in the banking industry; and (3) assess a civil monetary penalty of $200,000 against Plaintiff.

The FDIC referred the Enforcement Proceeding to the Office of Financial Institution Adjudication for a hearing. The Enforcement Proceeding was originally assigned to ALJ C. Richard Miserendino, who was then one of the ALJs in the Office of Financial Institution Adjudication "pool." Prior to the first hearing, the Enforcement Proceeding was reassigned to ALJ Christopher McNeil.

Beginning on September 13, 2016, a seven-day hearing was conducted before ALJ McNeil. On January 11, 2017, ALJ McNeil issued a Recommended Decision, where he recommended that Plaintiff be removed from his bank-related positions, prohibited from ever working in the banking industry again, and assessed a $200,000 civil monetary penalty. On May 26, 2017, the FDIC's Administrative Officer submitted the case for the Board's review. On August 7, 2017, the Board accepted ALJ McNeil's Recommended Decision and issued a Final Decision of removal and prohibition. The Board further assessed a $200,000 civil penalty.

On August 25, 2017, Plaintiff filed a petition for review of the FDIC's decision with the United States Court of Appeals for the Fifth Circuit. That same day, Plaintiff filed a motion to stay the FDIC's final order pending disposition of his petition for review. Plaintiff argued, among other things, that a stay was appropriate because ALJ McNeil was an "inferior Officer" of the United States who had not been validly appointed under the Appointments Clause. On September 7, 2017, the Fifth Circuit issued a published Order that stayed the Board's decision. Then, on June 21, 2018,

the Supreme Court issued its Opinion in *Lucia v. SEC*, which definitively confirmed that ALJs are inferior officers of the United States. 138 S. Ct. 2044, 2055 (2018).

After the Supreme Court's Opinion in *Lucia*, the FDIC Board realized that the ALJs it used to conduct its Enforcement Proceeding could only serve if they were formally appointed by the President, the head of an agency, or a court of law. Therefore, the full Board issued a resolution appointing ALJ McNeil and ALJ Miserendino as FDIC ALJs on July 19, 2018.

On August 20, 2018, the Fifth Circuit remanded the Enforcement Proceeding back to the FDIC for further proceedings in light of the Supreme Court's holding in *Lucia*. On October 28, 2019, the FDIC Board issued a Resolution appointing ALJ Jennifer Whang as an ALJ for the FDIC. On November 26, 2019, the Executive Secretary of the FDIC reassigned Plaintiff's Enforcement Proceeding to ALJ Whang. A three-day supplemental hearing before ALJ Whang was held in January 2022.

On September 16, 2022, ALJ Whang issued a Recommended Decision recommending that Plaintiff be removed from his bank-related offenses, be prohibited from further participation in the banking industry, and be assessed a civil monetary penalty of $200,000. On October 17, 2022, Plaintiff filed his exceptions to ALJ Whang's Recommended Decision. At that point the Board could render a Final Decision and impose sanctions on Plaintiff that would be immediately effective, absent a discretionary stay.

Before the Board issued its Final Decision, Plaintiff filed the present lawsuit against the FDIC, ALJ Whang, and a number of FDIC officers on October 6, 2022. Plaintiff first brings a claim for declaratory relief on the grounds that the FDIC Board is unconstitutionally structured. Plaintiff next brings a claim for declaratory relief on the grounds that the ALJs used by the FDIC are unconstitutionally shielded from removal. Lastly, Plaintiff brings a claim for declaratory relief

on the grounds that the FDIC unconstitutionally deprived Plaintiff of his Seventh Amendment right to a jury trial.

On October 15, 2022, Plaintiff filed a Motion for a Preliminary Injunction, asking the Court to enjoin the FDIC from continuing the Enforcement Proceeding against Plaintiff.[2] On November 6, 2022, the Court issued an Order finding that Plaintiff was entitled to a preliminary injunction on his Seventh Amendment claim, Count 3 of his Complaint.[3] The preliminary injunction was entered on December 1, 2022.[4] Defendants appealed the November 6 Order and December 1 Injunction to the United States Fifth Circuit Court of Appeals on December 2, 2022.[5] Plaintiff cross-appealed, appealing the aspects of the November 6 Order and December 1 Injunction wherein the Court found Plaintiff was not entitled to a preliminary injunction as to Counts 1 and 2 of his Complaint.[6] Both the appeal and cross-appeal are currently pending before the Fifth Circuit.

Defendants filed this motion to dismiss on January 3, 2023, arguing that Plaintiff's claims should be dismissed under Federal Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.[7] Plaintiff filed his response on February 3, 2023.[8] Defendants filed their reply on February 17, 2023.[9] The motion is now ripe for the Court's review.

## II.     Legal Standard

### A.  Rule 12(b)(1) Motion to Dismiss

A party may challenge subject matter jurisdiction by filing a Rule 12(b)(1) motion. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. FED. R. CIV. P.

---

[2] Mot. for Preliminary Injunction, ECF No. 15.
[3] November 6 Order, ECF No. 31.
[4] December 1 Injunction, ECF No. 49.
[5] Notice of Appeal, ECF No. 50.
[6] Notice of Cross-Appeal, ECF No. 63.
[7] Defs. Mot., ECF No. 62.
[8] Pl. Resp., ECF No. 76.
[9] Defs. Reply, ECF No. 78.

12(h)(3). A court may find subject matter jurisdiction is lacking from "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.*" Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "In considering a challenge to subject matter jurisdiction, the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citation omitted).

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

### B. Rule 12(b)(6) Motion to Dismiss

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up) (quoting *Twombly*, 550 U.S. at 557). A court may not accept legal conclusions as true. *Id.* at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

#### A. Rule 12(b)(1) Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) because: (1) Section 1818(i)(1) divests this Court of Jurisdiction to enjoin or otherwise intercede in FDIC enforcement actions; (2) Plaintiff's claims are barred by the statute of limitations; (3) Plaintiff's claims are not ripe; and (4) Plaintiff's claims are foreclosed by the mandate rule.[10]

##### 1. Section 1818(i)(1)

Defendant first contends that Plaintiff's Complaint must be dismissed as 12 U.S.C. § 1818(i)(1) divests this Court of subject matter jurisdiction to entertain Plaintiff's lawsuit.[11] This issue was discussed at length in the Court's November 6, 2022 Order, wherein the Court concluded that it was not implicitly or explicitly precluded from hearing Plaintiff's structural constitutional claims.[12] Defendants appealed the Court's November 6 Order, including the Court's analysis of § 1818(i)(1), to the United States Fifth Circuit Court of Appeals.[13] Accordingly, the Court finds good

---

[10] Defs. Mot. 8, ECF No. 62.
[11] *Id.* at 9.
[12] Nov. 6 Order 7–16, ECF No. 31.
[13] Notice of Appeal, ECF No. 50.

cause and hereby **DEFERS** ruling on this aspect of Defendant's motion pursuant to Federal Rules 12(i) and 62.1(a)(1).

### 2. Statute of Limitations

Defendants secondly contend that Plaintiff's claims are all time-barred by the six-year statute of limitations set forth in 28 U.S.C. § 2401(a).[14] Plaintiff counters that his claims are not time-barred as he is challenging a pattern of ongoing unconstitutional conduct that Defendants "have every intention of continuing."[15]

Section 2401(a) mandates that "[e]xcept as provided for by chapter 71 of title 41 [the Contracts Disputes Act of 1978], every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action accrues." 28 U.S.C. § 2401(a). Defendants contend that each of Plaintiff's constitutional claims accrued—at the very latest—when the FDIC commenced the enforcement action against him on November 21, 2014.[16] As Plaintiff did not file this lawsuit until October 6, 2022, Defendants thus argue that the claims are time-barred.

When an agency action is ongoing, "the cause of action continues to accrue along with the allegedly unconstitutional conduct that gives rise to the plaintiff's injury and cannot be insulated by a statute of limitations." *Kelley v. Azar*, No. 4:20-cv-00283, 2021 WL 4025804, at *8 (N.D. Tex. Feb. 25, 2021) (O'Connor, J.) (citations omitted). "[A] continuing violation tolls a statute of limitations because statutes of limitations are meant only to prevent stale claims." *McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 867 (5th Cir. 1993) (citing *Havens Realty Corp.*

---

[14] Defs. Mot. 19, ECF No. 62.
[15] Pl. Resp. 8, ECF No. 76.
[16] Defs. Mot. 21, ECF No. 62.

7

*v. Coleman*, 455 U.S. 363, 380 (1982)). "Where the challenged violation is a continuing one, the staleness concern disappears." *Id.* (quoting *Havens Realty Corp.*, 455 U.S. at 380).

In this case, Plaintiff alleges that the entirety of the Enforcement Proceeding against him is unconstitutional, including various acts occurring within the last six years. For example, as pointed out by Plaintiff, both of the administrative law judges' Recommended Decisions were issued within the limitations period; the FDIC Board rendered its first Final Decision within the limitations period; and the second hearing before the ALJ was conducted within the limitations period.[17] Therefore, the Court concludes that Plaintiff is challenging a pattern of ongoing allegedly unconstitutional conduct, and accordingly, the claims are not barred by the statute of limitations. Defendants' motion to dismiss on statute of limitations grounds is **DENIED**.

### 3. Ripeness

Defendants next contend that, if the Court finds Plaintiff's claims are not time-barred, Plaintiff's claims should be dismissed on ripeness grounds.[18] Defendants reason that if the statute of limitations did not begin to run when the FDIC initiated the Enforcement Proceeding in 2014, the limitations period would not start to run unless and until the agency reached a final decision and issued an order.[19] Therefore, Defendants conclude, Plaintiff's claim would not be ripe until the FDIC issues a final decision in the Enforcement Proceeding.[20]

Plaintiff asserts his three causes of action under the Declaratory Judgment Act, 28 U.S.C. § 2201. "[A] declaratory judgment action, like any other action, must be ripe in order to be justiciable." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Id.* As a general

---

[17] Pl. Resp. 11, ECF No. 76 (citing Compl. ¶¶ 66, 67, 76, 77, ECF No. 1).
[18] Defs. Mot. 23, ECF No. 62.
[19] *Id.*
[20] *Id.*

rule, an actual controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Id.* (quoting *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis." *Id.*

The Court finds that the ripeness inquiry in this case closely mirrors that which arose in *Cochran v. SEC*, 20 F.4th 194, 212–13 (5th Cir. 2021), *cert. granted sub nom. SEC v. Cochran*, 142 S. Ct. 2707 (2022), and *aff'd and remanded sub nom. Axon Enter., Inc. v. Fed. Trade Comm'n*, 143 S. Ct. 890 (2023). In *Cochran*, the SEC relied on the same cases cited by Defendants in the present case to argue that the plaintiff's removal power claim was not ripe. *Id.* at 213 (citing *Energy Transfer Partners, L.P. v. FERC*, 567 F.3d 134 (5th Cir. 2009); *TOTAL Gas & Power North America, Inc. v. FERC*, 859 F.3d 325 (5th Cir. 2017)). The Fifth Circuit distinguished these cases, explaining that, unlike in *Energy Transfer Partners*, the plaintiff in *Cochran* was not seeking review of any particular SEC order, but rather, sought a declaration as to the constitutionality of the SEC's ALJ removal protections. *Id.* (citing *Energy Transfer Partners*, 567 F.3d at 136, 139–44). Further, the Fifth Circuit explained that, unlike the plaintiff in *TOTAL Gas*, the plaintiff in *Cochran* already had her case assigned to an ALJ, so her risk of hardship was concrete. *Id.* (citing *TOTAL Gas*, 859 F.3d at 327, 336–37). Overall, the Fifth Circuit held that the plaintiff's removal power claim was ripe because (1) it was a pure issue of law; and (2) if the claim was meritorious, withholding judicial consideration would injure the plaintiff by forcing her to litigate before an ALJ who was unconstitutionally insulated from presidential control. *Id.* at 212–13.

In this case, the Court likewise finds that Plaintiff's claims are ripe. The Court finds that, for the same reasons as given by the Fifth Circuit in *Cochran*, *Energy Transfer Partners* and

*TOTAL Gas* are distinguishable. Here, Plaintiff is not challenging any FDIC order, but rather, challenging the constitutionality of (1) the structure of the FDIC Board; (2) the removal protections afforded FDIC ALJs; and (3) conducting the Enforcement Proceeding without a jury.[21] Further, Plaintiff's case has already been assigned and tried before FDIC ALJs, so the risk of injury is concrete. Overall, Plaintiff's claims involve pure issues of law, and if his claims are meritorious, withholding judicial consideration would injure Plaintiff. Accordingly, Plaintiff's claims are ripe, and Defendants' motion to dismiss on ripeness grounds is **DENIED**.

### 4. The Mandate Rule

Defendants contend that all of Plaintiff's claims are foreclosed by the mandate rule.[22] They assert that Plaintiff's three claims could have been asserted during the administrate proceedings that culminated in the FDIC Board's original decision in this matter, or during the Fifth Circuit appeal from that decision.[23] They conclude that Plaintiff's failure to assert his constitutional arguments before the Fifth Circuit results in forfeiture and waiver under the mandate rule and, as a result, his claims should be dismissed with prejudice.[24]

The mandate rule is a "specific application of the general doctrine of law of the case." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)). "[T]he rule bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Id.* In other words, as Defendants state, "[u]nder the mandate rule, issues that were omitted

---

[21] *See* Compl., ECF No. 1.
[22] Defs. Mot. 25, ECF No. 62.
[23] *Id.* at 26.
[24] *Id.* at 27.

from an appeal or were not raised in the proceeding from which the appeal was taken are forfeited or waived and cannot be litigated on remand."[25]

The Court finds that Plaintiff's claims are not foreclosed by the mandate rule. The mandate rule applies to cases that are on remand. This lawsuit is not before this Court on remand, but rather, it is a free-standing declaratory judgment action. It is separate from the ongoing Enforcement Proceeding, which was remanded from the Fifth Circuit. *See Cochran*, 20 F.4th at 207 (explaining that district court lawsuits involving structural constitutional challenges to ongoing agency proceedings are "wholly collateral" to the agency proceedings themselves). There has been no mandate from the Fifth Circuit in this lawsuit. Accordingly, the mandate rule does not apply, and Plaintiff's claims are not precluded on such grounds. Defendant's motion to dismiss under the mandate rule is **DENIED**.

### B. Rule 12(b)(6) Motion to Dismiss

Defendants further contend that Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim. Specifically, Defendants aver that Counts 1 and 2 of Plaintiff's Complaint lack merit, and that Count 3 is foreclosed by settled precedent and is otherwise untenable.[26]

The Court finds that the merits of Counts 1, 2, and 3 of Plaintiff's Complaint are currently before the United States Fifth Circuit Court of Appeals as they were discussed in depth in the Court's November 6 Order, which was appealed by Defendants and cross-appealed by Plaintiff.[27] Accordingly, the Court **DEFERS** ruling on this aspect of Defendants' motion, pursuant to Federal Rules 12(i) and 62.1(a)(1).

---

[25] Defs. Mot. 25, ECF No. 62.
[26] Defs. Mot. 8–9, ECF No. 62.
[27] *See* Notice of Appeal, ECF No. 50; Notice of Cross-Appeal, ECF No. 63.

### C. ALJ Whang

Defendants lastly contend that ALJ Whang should be dismissed as she has no ongoing role in the Enforcement Proceeding.[28] Specifically, Defendants contend that ALJ Whang should be dismissed from the lawsuit as (1) Plaintiff cannot prevail on Count 2 of his Complaint, his claim that FDIC ALJs are unconstitutionally protected from removal by the president; and (2) ALJ Whang's involvement in the enforcement proceeding ended before Plaintiff filed this lawsuit.[29]

Regarding Defendants' second argument, they contend that, given ALJ Whang has already issued her Recommended Decision in the Enforcement Proceeding, there is no future action that the Court might enjoin her from taking, and therefore, all claims against her should be dismissed.[30] Plaintiff counters that ALJ Whang should not be dismissed from the case as, after an ALJ has issued a recommended decision in an FDIC enforcement proceeding, the FDIC Board has the option to "order[] that the action or any aspect thereof be remanded to the administrative law judge for further proceedings."[31] Therefore, Plaintiff emphasizes, if the existing injunction is vacated by the Fifth Circuit, ALJ Whang could still have a role in the ongoing Enforcement Proceeding because the FDIC Board could remand the proceeding to her for further adjudication on any or all of the issues.[32]

The Court finds that the possibility of future involvement by ALJ Whang is speculative, and therefore, dismissal is appropriate. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As ALJ Whang has already issued her Recommended Decision, there is no further action ALJ

---

[28] Defs. Mot. 36–37, ECF No. 62.
[29] *Id.*
[30] *Id.*
[31] Pl. Resp. 24, ECF No. 76 (quoting 12 C.F.R. § 308.40(c)(2)).
[32] *Id.*

Whang necessarily needs to take in this Enforcement Proceeding – her job is done. For ALJ Whang to have future involvement in the Enforcement Proceeding, numerous things would need to occur. First, the Fifth Circuit would need to vacate the current injunction. Second, the FDIC would need to order the Enforcement Proceeding, or an aspect of it, be remanded to ALJ Whang for further action. The Court finds the possibility of both occurrences happening to be speculative. Therefore, the Court **GRANTS** Defendants' motion to dismiss all claims against ALJ Whang.

### IV.     Conclusion

Accordingly, Defendants' motion to dismiss is **GRANTED in part**, **DENIED in part**, and **DEFERRED in part**. Specifically, Defendant's motion to dismiss all claims against ALJ Whang is **GRANTED**. ALJ Whang is hereby **DISMISSED** from this case. Defendants' 12(b)(1) motion to dismiss Plaintiff's claims based on the statute of limitations, ripeness, and the mandate rule is **DENIED**. Defendants' 12(b)(1) motion to dismiss Plaintiff's claims under 12 U.S.C. § 1818(i)(1) is **DEFERRED** pending the outcome of the appeal and cross-appeal currently before the Fifth Circuit. Lastly, Defendants' motion to dismiss Plaintiff's claims on the merits under 12(b)(6) is **DEFERRED** pending the outcome of the appeal and cross-appeal currently before the Fifth Circuit.

At this juncture, the Court **ORDERS** the Parties are to meet and confer and provide a joint status report to the Court detailing how the Parties wish to proceed and/or if a stay of the proceedings is appropriate at this point. This status report is to be filed no later than **July 19, 2023**.

**SO ORDERED** on this **5th day** of **July, 2023**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**